UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHANNA L. PIMENTEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:08CV1477 TIA |
| ) | |
| ST. LOUIS PUBLIC SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant St. Louis Public Schools' bill of costs (Docket No. 82) and Plaintiff's Objections (Docket No. 83)[1] thereto. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Judgment having been entered in the cause on January 14, 2011 (Docket No. 78), against Plaintiff Johanna L. Pimentel and in favor of Defendant St. Louis Public Schools on Defendant's Motion for Summary Judgment[2], Defendant filed a bill of costs on February 4, 2011, seeking recovery of its costs expended for deposition and transcription services and for witness fees. Plaintiff makes specific objections to Defendant's requested costs.

Here, Defendant has submitted a bill of costs in the amount of $2,709.40, which includes costs

---

[1] The Court appreciates the professional services provided by appointed counsel, Jill Silverstein.

[2] Although Defendant requests that costs be taxed against Plaintiff pursuant to this Court's Order, dated January 14, 2011, ordering Plaintiff to bear all the taxable costs in this action, the undersigned notes that the Memorandum and Order entered on January 14, 2011 is silent as to whether costs should be taxable. (Docket No. 77).

in the amount of $2,669.40 for deposition and transcription fees, and $40 for witness fees.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...." The term "costs" as used in Rule 54(d)(1) is defined in 28 U.S.C. § 1920[3] which enumerates the expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Not all expenses of litigation are costs taxable against the losing party, however, and within the statutory framework of costs eligible to be taxed, the Court has the discretion in determining and awarding costs in a given case. Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987). Costs may be awarded against a person who was granted in forma pauperis status. 28 U.S.C. § 1915(f); Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003). The Court recognizes that it has discretion to deny costs to the prevailing party, however, even in the absence of misconduct by that party. See Greaser v. State of Mo. Dept. of Corrections, 145 F.3d 979, 985 (8th Cir. 1998); Hibbs v. K-Mart Corp., 870 F.2d 435, 443 (8th Cir. 1989) (discussing discretionary nature of cost award under Rule 54(d) and 28 U.S.C. § 1920).

The Court previously reviewed Plaintiff's financial affidavit filed on September 25, 2008

---

[3]28 U.S.C. § 1920 states:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses: (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

(Docket No. 3) and concluded that she qualified for in forma pauperis status and granted her Motion to Proceed in forma pauperis on November 10, 2008. (Docket No. 6). Plaintiff's appointed counsel represents Plaintiff's limited financial resources in the Objections. The Court has no reason to believe that Plaintiff's financial condition has improved since approving her in forma pauperis status. Defendant did not challenge Plaintiff's claim that she "has limited financial resources and the assessment of this bill of costs on her, in addition to the other costs assessed against her, will place an undue burden and hardship on Plaintiff and her family, and she will be unable to satisfy all of these obligations." (Plaintiff's Objections, Docket No. 83 at 2). Plaintiff did not assert claims in this case that were frivolous as demonstrated by the Court issuing process on Plaintiff's pro se Employment Discrimination Complaint. (Docket No. 6). Likewise, the Court granted the Pro Bono Neutral's Request for Reimbursement of Services on December 2, 2010. (Docket No. 72).

For the foregoing reasons and based on Plaintiff's indigence, the Court concludes in the exercise of its discretion that the parties should bear their own costs incurred in this matter. As a result, the Court will deny Defendant's Motion for Bill of Costs.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions for Costs (Docket No. 80) and for Bill of Costs (Docket No. 82) are DENIED.

Dated this __26th__ day of August, 2011.

                                         /s/ Terry I. Adelman
                                         UNITED STATES MAGISTRATE JUDGE